NOT FOR PUBLICATION

FILED

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEROME MARKAY,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>L. BROWN and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA,<br><br>    Respondents - Appellees. | No. 08-16538<br><br>D.C. No. 2:02-cv-00152-GEB-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted March 9, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

Jerome Markay, appealing from the district court's denial of his petition for writ of habeas corpus, argues that his absence at resentencing violated his right to be present at all critical stages of trial. We affirm the district court's denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Markay's habeas petition because even if Markay had a constitutional right to be present at resentencing, and even if he did not waive that right, the California Court of Appeal did not unreasonably determine that any error in his case was harmless. *See Campbell v. Rice*, 408 F.3d 1166, 1172 (9th Cir. 2005) (en banc); *Rice v. Wood*, 77 F.3d 1138, 1144 (9th Cir. 1996) (en banc).

Nothing in the record suggests that Markay's absence influenced the sentencing court's decision. The court was familiar with Markay's mental health history, and Markay was represented by counsel. Markay's speculation that he would have received a lighter sentence had he been present is inadequate, at least on this record, to demonstrate that his absence had a "substantial and injurious effect" on the outcome. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

**AFFIRMED.**